UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALEXANDER VELJKOVIC, | ) | CASE NO. 1:07 CV 1991 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FIRST ENERGY CO., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On July 3, 2007, plaintiff *pro se* Alexander Veljkovic filed this action against "First Energy Co. Illuminating Co." ("First Energy"). In the complaint, plaintiff alleges that First Energy is operating fossil and nuclear power plants which emit toxins that make him ill. He seeks monetary damages. Mr. Veljkovic also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Veljkovic indicates he is filing this diversity action against First Energy. He indicates he has been a resident of Parma, Ohio for the past 26 years. He lists the defendant's address as 76 South Main Street, Akron, Ohio. He indicates that First Energy operates a number of fossil fuel and nuclear power plants in the Northeast Ohio area. He identifies the Perry Nuclear Power Plant as the closest facility to his house. He states:

> Plaintiff in this testimony claim in this court that hazardous and
> injurious pollutants of permeated pollutant waste particles of foul
> emissions of raw gas of carbon monoxide and smoke from fossil and
> gaseous oxides nuclear plant Perry Power Co. related such as
> stronium 90 fallout, fallout stronium dust, diverse oxides, boric
> acids, nitrous oxide, silica dust and corrosive inert gas HNO3 to
> name a few which are delivered from fossil and Perry power plants
> nuc [sic] plant has inhaled and settled into plaintiff's nostrils, head
> and body and endanger Mr. Veljkovic. ... This poison pollutant
> particles and CO of First Energy have originated from defendant's
> plants has have [sic] manifest in noxious pollutant clusters of dust
> and big smoke dispersed throughout region over past years then
> landed on Mr. Veljkovic in excess.  This was indeed obvious
> evidence that toxic pollutant Co of First Energy owner got emissions
> contaminated pollutant released which have emerged from
> defendant's stacks and Perry Power Cooling Tower in abundance
> reflecting self in thermo illuminescence of transparent gaseous acid
> of pollutant smoke of diversity.

(Compl. at 1.)  Mr. Veljkovic alleges that he has suffered from pain, vomiting, starvation, and the

breakdown of digestive cells.  He claims he is unable to remain employed for long periods of time

and contends his son has had difficulty in school.  He seeks unspecified monetary damages.

### Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S.

364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*,

---

[1]     An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to
the plaintiff and without service of process on the defendant, if the court explicitly states that it
is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one
of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir.
1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054
(1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177,
1179 (6th Cir. 1985).

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Veljkovic fails to set forth a basis for federal jurisdiction. He contends that he is seeking to file a diversity action; however, it is apparent that he misconstrues the meaning of "diversity" in the context of federal jurisdiction. He indicates that because he claims the defendants dispersed toxins over a large area, diversity jurisdiction is present. Diversity jurisdiction in federal court, however, refers to the citizenship of the parties. It can be the basis of federal jurisdiction only when the plaintiff is a resident of one state and the defendant is the resident of another state. 28 U.S.C. § 1332(a)(1). Mr. Veljkovic states that he is a resident of the State of Ohio and the defendant is also a resident of athe State of Ohio. A party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *Boladian v. UMG Recordings, Inc.*, No. 03-2148, 2005 WL 14981 at 2 (6th Cir. Jan. 3, 2005). The facts alleged in the complaint do not suggest that this case could proceed under diversity jurisdiction.

In addition, there is no indication in the complaint that federal question jurisdiction could be present. Mr. Veljkovic's complaint is written as a narrative summed up by the statement of his belief that losses were "caused to plaintiff by negligent defendant." (Compl. at 2.) Negligence is a cause of action which arises under state tort law. It does not support the existence of federal question jurisdiction. There are no other legal claims asserted in the pleading and none are evident on the face of the complaint. This court's jurisdiction cannot be founded, therefore, on the existence of a federal question.

## Conclusion

Accordingly, Mr. Veljkovic's Application to Proceed <u>In Forma Pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 8/17/07

---

[2]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.